[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13130
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00164-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS EDWARD NIX,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 28, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Thomas Edward Nix appeals his 51-month sentence—above the applicable

Guidelines range of 27 to 33 months—following his conviction for bank fraud, in violation of 18 U.S.C. § 1344. After careful review, we affirm.

I.

Nix argues that the district court erred in imposing an upward departure without providing notice, as required by Federal Rule of Criminal Procedure 32(h), and without following the procedure outlined in U.S.S.G. § 4A1.3 for imposing an upward departure under 18 U.S.C. § 3553(b)(1) and U.S.S.G. § 5K2.0.

Because Nix raises this objection for the first time on appeal, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731–32, 113 S. Ct. 1770 (1993). Under plain error review, Nix must show (1) error, (2) that is plain, (3) that affected his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* at 732.

Rule 32(h) requires a district court to provide notice before it departs from the applicable sentencing range on a ground not identified in the presentence investigative report or a party's prehearing submission. Fed. R. Crim. P. 32(h). But Rule 32(h)'s notice requirement applies only to departures, and not to variances. *Irizarry v. United States*, 553 U.S. 708, 715–16, 128 S. Ct. 2198 (2008).

In determining whether a sentence involves a variance or a departure, we have held that an above-Guidelines sentence was a variance where the district court correctly calculated the Guidelines range, and then found that the range did not address all of the § 3553(a) factors adequately. *United States v. Irizarry*, 458 F.3d 1208, 1211–12 (11th Cir. 2006) (per curiam), *aff'd*, 553 U.S. 708, 128 S. Ct. 2198 (2008). For example, in *United States v. Kapordelis*, the district court stated it was granting a "motion for an upward departure," but we concluded that the district court actually granted a variance under the § 3553(a) factors. 569 F.3d 1291, 1316 (11th Cir. 2009). We reached that conclusion because the district court (1) did not cite to a specific departure provision of the Guidelines, and (2) based its rationale on the § 3553(a) factors and its determination that the Guidelines were inadequate. *Id.*; *see also United States v. Eldick*, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (per curiam) (concluding that an above-Guidelines sentence resulted from a variance and not an upward departure because the district court did not cite a specific Guidelines departure provision and stated that the Guidelines range did not adequately account for the § 3553(a) factors).

Contrary to Nix's contentions, the district court did not impose a Guidelines-based upward departure; instead, the district court imposed an upward variance based on the § 3553(a) factors. Though, at sentencing, the district court

used the term "upward departure," it did not cite a specific Guidelines departure provision, and it rationalized its decision—that Nix's history and conduct required a greater sentence than the sentencing Guidelines prescribed—by reference to the § 3553(a) factors. *See Kapordelis*, 569 F.3d at 1316. Specifically, the judge explained that a higher sentence was needed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to this criminal conduct, and to protect the public from further crimes from [Nix]." (R52 at 47.)

Because the court applied an upward variance and not a departure, Rule 32(h) did not require the court to provide Nix prior notice of the possibility of an above-Guidelines sentence or to follow the proper procedure for imposing a Guidelines departure.

## II.

Nix next contends that even assuming the district court imposed a variance, his above-Guidelines sentence is unreasonable because the district court mentioned the § 3553(a) factors in only a cursory manner and did not explain why such a variance was necessary. Nix further contends that because the Guidelines already accounted for his 1988 perjury conviction and his subsequent Illinois fraud, the district court erred by considering this conduct in imposing his sentence.

4

We review a variance from the Guidelines range for reasonableness under an abuse-of-discretion standard. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009), *cert. denied*, 129 S. Ct. 2847.

District courts must impose sentences that are both procedurally and substantively reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008) (per curiam). We judge the procedural reasonableness of a sentence by considering whether the district court improperly calculated the Guidelines range, treated the Guidelines as mandatary rather than advisory, failed to consider the appropriate statutory factors, selected a sentence based on clearly erroneous facts, or failed to explain the chosen sentence adequately. *Id.* If the sentence is procedurally reasonable, we then review the substantive reasonableness of the sentence by examining the totality of the circumstances, including whether the § 3553(a) factors support the sentence imposed. *Id.* at 1323–24.

"In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose . . . ." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]," namely to reflect the seriousness of the offense, promote respect for the law, provide just

5

punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a).

We "may not presume that a sentence outside the guidelines is unreasonable and must give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586 (2007)), *petition for cert. filed*, 79 U.S.L.W. 3361 (U.S. Nov. 24, 2010) (No. 10-727). Thus, we may "vacate a sentence because of the variance only 'if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *Shaw*, 560 F.3d at 1238 (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Nix cannot show that his sentence was procedurally or substantively unreasonable. The court imposed the 51-month sentence after properly calculating the Guidelines range, reviewing the presentence investigative report, listening to the parties' arguments and testimony, and considering the § 3553(a) factors. The court detailed Nix's 1988 conviction for perjury, his offense conduct, and his

scheme to similarly defraud another employer in Illinois, and concluded that Nix "has shown by his history and by his conduct that he is not adverse to committing fraud upon the public without remorse." (R52 at 47.) The court's consideration of this information was not erroneous because facts included in a Guidelines calculation may also be considered in imposing a variance.[1] *See United States v. Rodriguez*, 11th Cir. 2010, ___ F.3d ___, *14 (No. 09-15265, Dec. 27, 2010) ("This Court has held that a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement."). Furthermore, Nix's 51-month sentence—well below the statutory maximum of 360 months—is reasonable given the totality of the circumstances.

Because Nix has not established that the district court abused its discretion in imposing a 51-month sentence, we affirm.

**AFFIRMED.**

---

[1] We also note that Nix's 1988 conviction was not, in fact, included in his criminal history category because it occurred more than 15 years before the offense at issue.